**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X   Case No.:

AYDA PALOMINO,

                             Plaintiff,

                -against-

BETANCES HEALTH CENTER, DANNY DOE,
*individually,* and JULIAN RIVERA *individually*,

                             Defendants.
-------------------------------------------------------------------X

                              **COMPLAINT**

                              **PLAINTIFF DEMANDS**
                              **A TRIAL BY JURY**

Plaintiff, AYDA PALOMINO, by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

## NATURE OF THE CASE

1.    Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"); the New York State Human Rights Law, New York State Executive Law § 296, et. seq. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code § 8-107, et. seq. ("NYCHRL") and seeks damages to redress the injuries she has suffered as a result of being discriminated against, sexually harassed, subjected to a hostile work environment and ultimately terminated based on her sex and gender and for complaining of sexual harassment and gender discrimination.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2.    Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

3.    The Court has supplemental jurisdiction over the claims that Plaintiff has brought under state and city law pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendants reside within the Southern District of New York, or the acts complained of occurred therein. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 13, 2022; (b) receiving a Notice of Right to Sue from the EEOC on November 17, 2022; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action.  A copy of the Notice of Right to Sue is annexed hereto as Exhibit A.

## PARTIES

5.     That at all times relevant hereto, Plaintiff is female and a resident of the State of New York and New York County.

6.     That at all times relevant hereto, Defendant BETANCES HEALTH CENTER ("BETANCES") was and is a Nonprofit Organization operating in the State of New York.

7.     Upon information and belief, Defendant BETANCES employs at least fifteen or more employees.

8.     Defendant BETANCES had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment.

9.     That at all times relevant hereto, Plaintiff was an employee of Defendant BETANCES.

10.    At all times relevant, Defendant JULIAN RIVERA ("Defendant RIVERA") was employed by Defendant BETANCES as a supervisor.

11.    At all times relevant, Defendant RIVERA had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, including changing her worksite location.

12.    At all times relevant, Defendant DANNY DOE ("Defendant DANNY") was employed by Defendant BETANCES as a Director.

13.  At all times relevant, Defendant DANNY had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, including clearing all of RIVERA's decisions, and changing Plaintiff's worksite location.

14.  That at all times relevant hereto, Defendants BETANCES, DANNY and RIVERA are collectively referred to herein as "Defendants."

## MATERIAL FACTS

15.  From on or about August of 2021, until on or about January 21, 2022, Plaintiff was hired by BETANCES as a "Housekeeper" at BETANCES's Manhattan location at 280 Henry Street, New York, New York 10002 ("Manhattan location").

16.  As a Housekeeper, Plaintiff would be responsible for various maintenance roles including maintain all cleaning equipment, supplies, and products; ensuring safe and sanitary storage and care of products, and report repairs and replacements needed when encountered.

17.  On or about September of 2021, Plaintiff noticed that she was the only female housekeeper at the Manhattan location and that she was the only employee directed to clean.

18.  Around the same time, Plaintiff approached another male Housekeeper named Reggie about the issue, to which he stated, "You're the woman; you should be the one cleaning." Reggie then purposefully made messes himself and would call Plaintiff to come clean.

19.  On or around mid-September, Plaintiff reported that she was being targeted as a woman to DANNY DOE ("DANNY"), Director and RIVERA's supervisor, who subsequently terminated Reggie.

20.  Plaintiff was aware that Reggie was a close friend of her direct supervisor, Defendant JULIAN RIVERA.

21. Immediately thereafter, RIVERA became noticeably cold towards Plaintiff and began increasing her daily tasks. Plaintiff mentioned this to DANNY, who responded "Don't take it personally."

22. On or about September of 2021, Plaintiff and Arturo Doe ("Arturo") developed a platonic friendship. The two followed each other on various forms of social media, including Instagram.

23. At all times relevant, Arturo was employed by BETANCES as a Security Guard.

24. On or about mid-November, Arturo sent Plaintiff a video on Instagram while both were in the office during the workday. The video depicted Arturo's penis while he stroked it with his hand.

25. Arturo sent the video on "Vanish Mode," and thus the video self-deleted as soon as it was opened and played.

26. Due to Arturo's behavior, Plaintiff felted shocked, disturbed, offended, harassed, and discriminated against on the basis of her gender (female).

27. Plaintiff did not at any point indicate that any romantic or sexual advances were welcome.

28. About three days later, Plaintiff reported Arturo's aforementioned harassment and gender discrimination to RIVERA.

29. In response, RIVERA stated that he would report the incident to DANNY who would report to Human Resources as per company policy. RIVERA then transferred Plaintiff from the Manhattan location to the Brooklyn location at 1427 Broadway, Brooklyn, NY 11221.

30. RIVERA also transferred Arturo to a separate location.

31. On or about a week later, approximately the end of November of 2021, RIVERA transferred Plaintiff back to the Manhattan location.

4

32.     Upon her return, Plaintiff was told that Arturo and RIVERA had informed all of the male security guards at the Manhattan location of her complaint against Arturo.

33.     Plaintiff immediately noticed that the previously friendly security guards avoided speaking and interacting with her. This was uncommon as Plaintiff had previously exchanged cordial and friendly greetings throughout her workdays.

34.     Thereafter, on numerous occasions from on or about the end of November 2021 to on or about mid-January 2022, male security guards made statements directed towards Plaintiff such as "We can't play with you too much; you like to tattle" and "You're a liability" and "She's made of glass."

35.     Plaintiff felt ostracized, retaliated against, targeted and humiliated due to the treatment from her male coworkers.

36.     Additionally, over the same course of time, Plaintiff was directed by RIVERA to perform increasingly manual labor, including daily bathroom cleaning, and loading and unloading heavy boxes by herself while the male employees rested.

37.     On or about January 21, 2022, Plaintiff complained to RIVERA about the treatment by male coworkers and the unfair difference in labor between her and the male employees.

38.     RIVERA responded that he had consulted with DANNY regarding Plaintiff's employment. RIVERA stated that Plaintiff "didn't want to work here" and that "It's not a good fit. Your performance has been low."

39.     RIVERA then terminated Plaintiff.

40.     About a day later, Plaintiff requested a formal copy of her complaint regarding Arturo from Human Resources.

41.     In response, following her termination, Human Resources sent her an empty form to fill out her complaint.

42. Defendants' true reason for terminating Plaintiff was solely due to harassment and discrimination on the basis of her sex/gender (female), and for complaining of said discrimination and harassment.

43. Plaintiff was subjected to a discriminatory termination.

44. Defendant BETANCES knew or should have known of the discriminatory conduct and failed to take corrective measures within its control.

45. Plaintiff has been humiliated, offended, and abused by Defendants.

46. Defendants created a hostile working environment, which unreasonably interfered with Plaintiff's work environment.

47. **Plaintiff was discriminated and retaliated against, and harassed by Defendants, solely due to her sex/gender (female)**.

48. But for the fact that Plaintiff is a female, Defendants would not have treated her differently.

49. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

50. The above are just some of the ways Defendants discriminated and sexually harassed Plaintiff while employing her.

51. BETANCES had knowledge of and/or acquiesced in the discrimination and/or harassment by Defendant ARTURO.

52. Plaintiff's performance was, upon information and belief, exemplary during the course of her employment with Defendants.

53. Plaintiff has been unlawfully discriminated against, sexually harassed, retaliated against, humiliated, degraded and belittled, and as a result, suffers loss of rights, emotional distress, loss of income, and earnings.

54. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, Plaintiff has suffered severe emotional distress.

55. As a result of the acts and conduct complained of herein, Plaintiff has suffered severe emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

56. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of the Court.

57. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

58. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

59. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for relief based upon the unlawful employment practices of the above-named Corporate Defendant. Plaintiff complains of Corporate Defendant's violation of Title VII's prohibition against discrimination in employment-based, in whole or in part, upon an employee's sex/gender (female).

60. BETANCES engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff because of her sex/gender (female).

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
### (Not Against Individual Defendant)

61. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

62.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides

that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because
> [s]he has opposed any practice made an unlawful employment
> practice by this subchapter, or because [s]he has made a charge,
> testified, assisted or participated in any manner in an investigation,
> proceeding, or hearing under this subchapter.

63.   BETANCES engaged in unlawful employment practice prohibited by 42 U.S.C. § 2000e

et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges

of employment because of her opposition to the unlawful employment practices of

Defendants.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW

64.   Plaintiff repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

65.   Executive Law § 296 provides that,

> 1. It shall be an unlawful discriminatory practice: (a) For an
> employer or licensing agency, because of an individual's age, race,
> creed, color, national origin, sexual orientation, military status, **sex**,
> disability, predisposing genetic characteristics, marital status, or
> domestic violence victim status, to refuse to hire or employ or to bar
> or to discharge from employment such individual or to discriminate
> against such individual in compensation or in terms, conditions or
> privileges of employment.

66.   Defendants engaged in an unlawful discriminatory practice by discriminating against

Plaintiff because of her sex/gender (female).

### AS A FOURTH CAUSE OF ACTION UNDER THE NEW YORK STATE EXECUTIVE LAW

67.   Plaintiff repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

68.  Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

69.  Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her opposition to the unlawful employment practices of the Defendants.

**<u>AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION<br>UNDER THE NEW YORK CITY ADMINISTRATIVE CODE</u>**

70.  Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71.  The New York City Administrative Code §8-107(1) provides that,

>    It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **<u>gender</u>**, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment." (emphasis added).

72.  Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her sex/gender (female).

**<u>AS A SIXTH CAUSE OF ACTION<br>UNDER THE NEW YORK CITY ADMINISTRATIVE CODE</u>**

73.  Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

9

74. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

75. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendants.

## JURY DEMAND

76. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., the New York State Human Rights Law, New York State Executive Law, § 296 et. seq., and the New York City Human Rights Law, Administrative Code § 8-107 et seq., in that Defendants discriminated, and retaliated against Plaintiff on the basis of her sex/gender, and assaulted and battered Plaintiff;

B. Awarding Plaintiff compensatory damages for mental, and emotional injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

E.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
       January 10, 2023

                                     **PHILLIPS & ASSOCIATES,**
                                     **Attorneys at Law, PLLC**

                 By:     _/s/Shawn Clark_____
                         Shawn R. Clark, Esq.
                         Melissa Vo, Esq.
                         *Attorneys for Plaintiff*
                         45 Broadway, Suite 430
                         New York, New York 10006
                         T: (212) 248-7431
                         F: (212) 901 - 2107
                         sclark@tpglaws.com
                         mvo@tpglaws.com

# EXHIBIT A

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ayda Palomino<br>c/o Phillips & Associates<br>New York, NY 10006 | From: | New York District Office<br>33 Whitehall St, 5th Floor<br>New York, NY 10004 |
|-----|-----|-----|-----|

| EEOC Charge No.<br>**520-2022-07288** | EEOC Representative<br>**Michell ChangQui,**<br>**Federal Investigator** | Telephone No.<br>**9295065318** |
|-----|-----|-----|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Less than 180 days have elapsed since the filing date. I certify that the Commission s processing of this charge will not be completed within 180 days from the filing date.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Timothy Riera
11/17/2022

Enclosures(s)

**Timothy Riera**
**Acting District Director**

cc:   **Cali Chandiramani**
**Goldberg Segalla LLP**
**711 3RD AVE FL 19**
**New York, NY 10017**

**Shawn Clark**
**sclark@tpglaws.com**